UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SOUTHEAST POWER CORPORATION,**

      **Plaintiff,**

v.                                                  Case No: 6:23-cv-49-PGB-EJK

**JACK BRADY,**

      **Defendant.**

## ORDER

This cause comes before the Court without a hearing on Plaintiff's Motion to Compel (Short Form) (the "Motion") (Doc. 39), filed May 4, 2023. Defendant responded in opposition on May 16, 2023.[1] (Doc. 45.) Upon consideration, the Motion is due to be granted in part and denied in part.

In this case, Plaintiff sues its former Vice President for misappropriation and use of Plaintiff's confidential and trade secret information and for breach of Defendant's separation agreement. (Doc. 16.) Relatedly, a Renewed Motion for Preliminary Injunction is pending before the presiding district judge. (Doc. 49.) Plaintiff now seeks to compel from Defendant better answers to Interrogatories 2, 3, 6, 7, 8, and 9 (Doc. 39-1) and better responses to Requests for Production 1, 6, 7, and 10 (Doc. 39-3). (Doc. 39.)

---

[1] Defendant received the Court's permission to file a late response to the Motion. (Docs. 43, 44.)

As a preliminary matter, Defendant objects to several discovery requests (Interrogatories 2 and 3, and Request for Production 1), but then answers subject to the objection. Plaintiff is correct that, in general, answering a discovery request subject to an objection is improper, and courts have found this tactic to result in a waiver of the party's objections. *See, e.g.*, Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14–cv–749–Orl–41TBS, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015) ("Courts in this district and elsewhere have explained that producing documents (or saying that no responsive documents exist) 'notwithstanding' objections preserves nothing and wastes the time and resources of the parties and the court." (internal quotation marks omitted)). Here, Defendant has answered despite the objections, so the objections preserve nothing. (Docs. 39-1 at 5; 39-3 at 2–3.) Therefore, as to Interrogatories 2 and 3 and Request for Production 1, Defendant's objections, followed by the phrase "[n]otwithstanding this objection, and without waiving same" are overruled.

**Interrogatories**

As to Interrogatories 2 and 3, Plaintiff takes issue with the fact that Defendant has not identified documents Plaintiff believes are responsive to these Interrogatories that have been listed on Defendant's privilege log or otherwise identified on his Rule 26 Disclosures. (Docs. 39 at 1, 2; 39-2.) While not briefed in the Motion, from what the Court gathers from the record, Plaintiff asserts Defendant executed a Severance Agreement, wherein he agreed to return and not take Plaintiff's confidential trade secret information in exchange for severance payout. Plaintiff states that because Defendant has listed items, such as communications between himself and another

employee of Plaintiff's, on his privilege log or has otherwise identified people with knowledge in his Rule 26 Disclosures, he has not fully answered these Interrogatories. (Doc. 39 at 1–2.)

Defendant responds that he has not retained or used Plaintiff's confidential or proprietary information in competition with Plaintiff, which is what the Interrogatories request. (Doc. 45 at 1, 2.) As Defendant asserts, the parties differ on their factual interpretations of the case, and as far as these Interrogatories are concerned, there are no responsive persons or documents to identify. (*Id.*). Plaintiff does not appear to assert that the documents listed on the privilege log are not entitled to privilege.[2] Nor does Plaintiff identify by Bates number the documents on Defendant's privilege log it claims to support its argument. In any event, the Court cannot compel Defendant to provide a different answer to these Interrogatories as they are currently phrased. Therefore, the Court will deny the Motion as to these two Interrogatories.

Regarding to Interrogatories 6, 7, 8, and 9, Plaintiff takes issue with Defendant's stated responses of "[n]one." (Docs. 39 at 2–3; 39-1 at 7–9.) Again, Defendant says that Plaintiff's basis for moving to compel better answers is based on Plaintiff's version of events, but that he is not otherwise withholding responsive documents. (Doc. 45 at 2–3.) As there is nothing responsive to compel, the Court will deny the Motion as to

---

[2] If so, the parties would need to proceed in accordance with the undersigned's standing order on procedures for the assertion of privilege, located on the Court's website.

these Interrogatories as well.

### Requests for Production

As to Request for Production 1, Defendant states that he has produced all documents in his possession. (Doc. 45 at 3.) Once more, since there is nothing further to compel, the Court will deny the Motion as to Request for Production 1.

As to Requests for Production 6, 7, and 10, Plaintiff again takes issue with Defendant's stated responses of "[n]one" because Defendant has not identified documents that Plaintiff believes are responsive to this request for production and that have been listed on Defendant's privilege log. (Docs. 39 at 3; 39-3 at 4–6.) But Defendant once again refutes Plaintiff's contentions that the documents identified on his privilege log are responsive to the Requests as phrased, and Plaintiff has again not identified to the Court by Bates numbers the documents it contends support its argument. (Doc. 45 at 3.) Because Defendant has not otherwise withheld responsive documents (*id.* at 1), the Court will deny the Motion as to these Requests for Production.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel (Doc. 39) is **GRANTED IN PART and DENIED IN PART** as follows:

1. The Motion is **GRANTED** to the extent that, as to Interrogatories 2 and 3 and Request for Production 1, Defendant's objections are **OVERRULED**.
2. The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE