# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SOUTHEAST POWER CORPORATION,**

      **Plaintiff,**

v.                                                **Case No: 6:23-cv-49-PGB-EJK**

**JACK BRADY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion to Seal Under Fla. Stat. § 688.006 (the "Motion") (Doc. 48), filed May 25, 2023.

Plaintiff seeks to seal two exhibits to the Declaration of Andrew Pisciotto, Plaintiff's Chief Financial Officer, attached as Exhibit A to Plaintiff's Amended Motion for Preliminary Injunction. (Doc. 49-1.) The two exhibits are comprised of a Santee Cooper Bid Sheet and a Master Services Agreement for Duke Energy, both of which contain trade secrets. (Doc. 48 at 1, 5–6.)

Plaintiff moves to seal these documents pursuant to Florida Statute § 688.006. Therefore, they have filed the Motion pursuant to Local Rule 1.11(b). However, Plaintiff did not address in its Motion whether the referenced Florida statute applies in federal court on procedural grounds—specifically, whether this statute applies to seal documents in a federal court proceeding. Instead, the undersigned will construe the Motion as one made under Local Rule 1.11(c).

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

Plaintiff has complied with this Local Rule to the Court's satisfaction. The Court must now determine whether there is good cause for the seal. While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Plaintiff has established good cause for filing the identified documents under seal. When balancing the interest in keeping the information protected against making the information public, Plaintiff has shown that the interest weighs in favor of keeping the information confidential.

> A party arguing that a document should be sealed because it contains trade secret information must show that the information meets the commonly accepted criteria of trade secrets, including that the party consistently treated the documents as closely guarded secrets, the information represents substantial value to the party, the information is valuable to the party's competitors, and it derives its value by virtue of the effort of its creation and lack of dissemination.

*Day v. Barnett Outdoors, LLC*, No. 8:16-CV-2480-T-27MAP, 2017 WL 10275971, at *3 (M.D. Fla. Aug. 23, 2017).

Plaintiff explains that the items proposed for sealing contain trade secret information. "The Santee Cooper Bid Sheet contains SEPCO's pricing methodology, including constituent labor costs, overhead, indirect costs, insurance costs, costs of supplies and vendor costs. SEPCO's creation of this pricing methodology took considerable time and effort." (Doc. 48 at 5.) "Furthermore, both the revised Santee

Cooper Bid Sheet and MSA for Duke Energy include confidential labor hours and unit price estimates for project completion, workers compensation rates, fringe rates, and indirect costs." (*Id.*) "The MSA for Duke Energy similarly contains confidential pricing information, and includes trade sensitive pricing information, including pole setting, tower erection, foundation, grounding structure, matting costs, rock excavation and other key pricing data for the project." (*Id.* at 5–6.) Plaintiff attaches the declaration of its Mr. Pisciotto, its CFO, in support of these assertions. (Doc. 48-1, ¶¶ 10–11, 19.)

Plaintiff avers it closely guards its trade secrets "through maintenance of these materials on a secure network, the use of a multi-factored password protected computer system, limiting access to those persons on a need to know basis, and, most notably, by requiring [Defendant] to execute a confidentiality agreement prohibiting dissemination of the same." (Docs. 48 at 6; 48-1, ¶ 20.) Additionally, "[Plaintiff] further maintains the confidentiality of its materials throughout the bidding process and through provision of a bid in response to a Request for Proposal." (Docs. 48 at 7; 48-1, ¶ 21.) Plaintiff also states that this information represents substantial value to it, that it would be valuable to its competitors if not sealed, and that Plaintiff derives value from its creation and maintenance of its secrecy. (*See* Docs. 48 at 10; 48-1, ¶ 23.) Altogether, Plaintiff has adequately demonstrated that the items proposed for sealing constitute trade secrets. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–14 (11th Cir. 2001).

Courts in this District have recognized that maintaining the privacy of trade secrets and other confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Advanced Magnet Lab, Inc. v. Meinke,* No. 6:20-cv-712-Orl-37EJK, 2020 WL 13199850, at *2 (M.D. Fla. 22, 2020) ("Courts in this District have recognized the importance of filing trade secrets under seal when the movant has adequately demonstrated that the information is indeed a trade secret." (collecting cases)). Thus, Plaintiff has demonstrated good cause to overcome the public's right of access to the documents to be sealed.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Unopposed Motion to Seal Under Fla. Stat. § 688.006 (Doc. 48), construed as a Motion made pursuant to Local Rule 1.11(c), is **GRANTED**.

2. Plaintiff is **DIRECTED** to file the items approved for sealing through CM/ECF **on or before June 7, 2023**.[1] The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.